**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vinsel TAYLOR, aka Boo Boo,**
**Defendant–Appellant.**

No. 01–10209.

D.C. No. CR–94–00283–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Vinsel Taylor appeals the sentence imposed following revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Taylor's supervised release was revoked for failing to comply with his conditions of release, and the district court imposed a 14 month prison term followed by an additional 12 months of supervised release. Although 18 U.S.C. § 3583(h) affords the district courts discretion to order a renewed term of supervised release, Taylor argues that the district court abused its discretion in this case because ordering an additional term violated Congress' goals for supervised release and the spirit of his sentence arrangement with the government.

The United States Supreme Court recently observed that "Congress aimed [ ] to use the district court's discretionary judgment to allocate supervision to those releasees who [need] it most." *Johnson v. United States,* 529 U.S. 694, 709, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) ("... forbidding the reimposition of supervised release after revocation and reimprisonment would be fundamentally contrary to [Congress'] scheme"). Here, the district court determined that Taylor was in need of additional supervision and upon review of the record, we agree. *Id.* ("... if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed").

Furthermore, we reject Taylor's argument that the renewed term of supervised release violated the spirit of his arrangement with the government because revoca-

tion proceedings are not analogous to criminal prosecution of a status offense. *See United States v. Pinjuv*, 218 F.3d 1125, 1130–31 (9th Cir.2000) ("Revocation proceedings do not punish defendants for a new offense ... they [only] trigger execution of the conditions of the original sentence for the offense of which the defendant has already been convicted."). As such, the full panoply of rights afforded a defendant during criminal prosecution do not apply to revocation proceedings. *Id.* Therefore, the district court did not abuse its discretion by imposing a renewed term of supervised release notwithstanding the parties' recommendations to the contrary. *See* 18 U.S.C. § 3583(h); *Johnson*, 529 U.S. at 709.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.